■ THANH NGUYEN, Respondent, v BRENTWOOD SCHOOL DISTRICT et al., Appellants. [658 NYS2d 343] —In a negligence action to recover damages for personal injuries, the defendants, Brentwood School District and Town of Islip, separately appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 16, 1996, which denied their respective motions for summary judgment dismissing the complaint and all cross claims.

Ordered that the order is reversed, on the law, with one bill of costs, the motions are granted, and the complaint and all cross claims are dismissed.

The plaintiff, a student at a high school owned and operated by the defendant Brentwood School District (hereinafter the School District), allegedly sustained physical injuries when she slipped on a patch of ice. The ice allegedly had accumulated in a depression in a public road, owned and maintained by the defendant Town of Islip (hereinafter the Town), approximately 20 feet outside of a gate leading to school property. The Supreme Court denied the defendants' respective motions for summary judgment finding that issues of fact existed as to the potential liability of each. We now reverse.

It is uncontroverted that the plaintiff's fall occurred on the street owned and maintained by the Town. The Town established that it had not received prior written notice of any relevant defect in the street. In opposition, the plaintiff failed to establish affirmative negligence by the Town or that it had created the alleged defective condition. Therefore, the Town has demonstrated its entitlement to judgment as a matter of law *(see, Bloch v Potter,* 204 AD2d 672; *Shapiro v Tides Inn Realty Corp.,* 191 AD2d 490; *Albanese v Town of Hempstead,* 176 AD2d 697).

The School District also has demonstrated its entitlement to judgment as a matter of law. The plaintiff's fall occurred in the street, not on any property owned or maintained by the School District. The mere fact that the School District maintains a gate and driveway near the location of the plaintiff's fall does not support the plaintiff's claim that the School District put the street to some special use which created the allegedly defective condition *(see, Surowiec v City of New York,* 139 AD2d 727; *Kaszovitz v Weiszman,* 110 AD2d 117, 121-122). While a driveway crossing a public sidewalk may constitute a special use such that the abutting landowner may be liable if his use of the driveway creates a defect in the sidewalk *(see, Dressler v Socony Mobil Oil Co.,* 22 AD2d 780; *cf., Lobel v Rodco Petro Corp.,* 233 AD2d 369), here, the plaintiff's fall occurred in the street, approximately 20 feet from the gate blocking the driveway *(see, Noto v Mermaid Rest.,* 156 AD2d 435). Moreover, there was no evidence that the driveway, which was generally closed to vehicular traffic, had in any way contributed to the allegedly defective condition of the street *(see, Yass v Deepdale Gardens,* 187 AD2d 506; *Azzara v Revellese,* 146 AD2d 592). Accordingly, the School District also is entitled to summary judgment. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.