■ MERVYN GRIFFITH et al., Appellants, v SOUTHBRIDGE TOWERS, INC., et al., Respondents. (And a Third Party Action.) [670 NYS2d 22] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered August 5, 1997, which dismissed the complaint, unanimously modified, on the law, to reinstate the complaint as against defendants Consolidated Edison of New York, Inc., VNR Construction Corporation (VNR), the City of New York (City), and Manhattan Gunite (Gunite), and remand the matter for further proceedings, and otherwise affirmed, without costs.

According to the complaint and trial evidence, plaintiff Mervyn Griffith was injured while attempting to extract a hand truck from a depression in the pavement. The depression was allegedly situated on a City street and assertedly resulted from excavation work performed by defendant Gunite pursuant to a contract with the City. Defendants Consolidated Edison and VNR were also allegedly involved during phases of the excavation. Defendants Southbridge Towers, Inc. (Southbridge) and Maxwell Kates, Inc. (Kates) are, respectively, the owner and managing agent of the property abutting the street where the aforesaid depression was claim by plaintiff to have been located.

Preliminarily, we agree with the trial court's determination that defendants Southbridge and Kates owed no duty to plaintiff. They did not participate in the excavation said to have caused the hazard resulting in plaintiff's injury and neither owned the street where the accident occurred nor derived special use therefrom upon which the existence of a duty to maintain the street might be predicated (see, *Lobel v Rodco Petroleum Corp.*, 233 AD2d 369). Nor can it be said that Southbridge and Kates assumed a duty to plaintiff, since there was

no evidence that plaintiff altered his conduct in reliance upon either defendant's conduct (see, *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 522).

As to the remaining defendants (i.e., Consolidated Edison, VNR, the City, and Gunite), however, the complaint ought not to have been dismissed. Contrary to the theory upon which the trial court premised its order dismissing the complaint as to these defendants, plaintiff's attempt at removing his hand truck from the aforementioned depression was not, as a matter of law, an intervening and superseding cause of his harm sufficient to absolve defendants from liability for any earlier neglect by them at the site of the depression. The fact finder could have concluded based upon the evidence before it that the causal chain stemming from defendants' alleged negligence remained unbroken and, accordingly, that plaintiff's attempt to extricate his hand truck was not the superseding cause of his injury, but rather a reasonably foreseeable consequence of the subject hazard (see, *Shutak v Handler*, 190 AD2d 345, 347).

Finally, we note that, on remand, the court ought not to preclude, as it did at the first trial of the matter, receipt in evidence of the temporally relevant Big Apple Map. The placement of a description on that map of a "[h]ole or hazardous depression" was consistent with the testimony of both plaintiff and defendant Southbridge's former manager as to the location of the depression. Given this testimony, the absence of a construction symbol marking the site of depression on the map was not a sufficient ground to keep the map from the jury, which should have been permitted to resolve the issue of whether the hazardous depression to which plaintiff attributed his injury was, in fact, the same "hazardous depression" marked on the map. Concur—Rosenberger, J. P., Wallach, Williams and Tom, JJ.