■ Curtis B. Oathout et al., Appellants, v Soiefer Bros. Realty Corp. et al., Respondents. [678 NYS2d 335] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated September 15, 1997, which granted the separate motions of the defendant Soiefer Bros. Realty Corp. and the defendant Daving Quality Paper Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff Curtis B. Oathout allegedly slipped and fell on snow and ice while making a delivery to the defendant Daving Quality Paper Corp. (hereinafter Daving). The fall occurred in the sloped driveway to the premises, which traversed a public sidewalk. Daving leases the premises from the defendant Soiefer Bros. Realty Corp. (hereinafter Soiefer). The plaintiffs then commenced this action, and the defendants moved for summary judgment dismissing the complaint. The defendants argued, *inter alia,* that they could not be held liable for Oathout's injuries because there was no statute or ordinance imposing liability upon them for injuries arising from the failure to clear snow and ice from a public sidewalk. The plaintiffs opposed the motions, arguing that the defendants could be held liable for the injuries at issue because their special use of the sidewalk as a driveway resulted in a defective and dangerous condition. Further, the plaintiffs argued, for the same reasons, that the defendants could be found to have created such a dangerous and defective condition. In the order appealed from, the Supreme Court dismissed the complaint and all cross claims insofar as asserted against both defendants. We affirm.

The plaintiffs do not dispute that there was no relevant statute or ordinance imposing liability on the defendants for the failure to clear snow and ice from the public sidewalk (*see, Roark v Hunting,* 24 NY2d 470; *Norcott v Central Iron Metal Scraps,* 214 AD2d 660; Administrative Code of City of NY § 16-123). Moreover, the plaintiffs failed to raise a triable issue of fact that the defendants created a dangerous or defective condition or caused such a condition by their special use of the sidewalk. Therefore, the defendants' motions for summary

judgment were properly granted (*see, Hausser v Giunta,* 88 NY2d 449, 452-453; *Roark v Hunting, supra; Nguyen v Brentwood School Dist.,* 239 AD2d 406; *Rubenstein v DeGeorgio,* 236 AD2d 383; *Alessi v Zapolsky,* 228 AD2d 531). Bracken, J. P., Rosenblatt, Ritter and Florio, JJ., concur.