■ CHARLES ACHKHANIAN et al., Respondents, v TOWN OF OYSTER BAY, Appellant, and ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, Respondent. [692 NYS2d 424] —In an action to recover damages for personal injuries, etc., the defendant Town of Oyster Bay appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated June 18, 1998, as granted that branch of the cross motion of the defendant Roman Catholic Diocese of Rockville Centre which was for summary judgment dismissing the cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff Charles Achkhanian broke his leg after he allegedly stepped into a pothole. In their complaint, the plaintiffs alleged that the defective condition was located on the street, which the defendant Town of Oyster Bay (hereinafter the Town) was obligated to maintain, and, in the alternative, that the defective condition was located on the driveway of Holy Trinity High School, which the defendant Roman Catholic Diocese of Rockville Centre (hereinafter the Diocese) was obligated to maintain.

The evidence presented by the Diocese in support of its cross motion for summary judgment, including the injured plaintiff's deposition testimony, photographs of the accident site, and the observations of a Town employee who investigated the plaintiffs' notice of claim, established prima facie that the accident occurred on a public street. In opposition, there was a failure to present evidence raising a triable issue of fact as to the location of the accident. Moreover, the Supreme Court properly rejected the argument that the high school driveway constituted a "special use" by the Diocese of the abutting public street (*see, Kaufman v Silver,* 90 NY2d 204, 207; *Poirier v*

*City of Schenectady,* 85 NY2d 310, 315; *Schreiber v Goldlein Realty Corp.,* 251 AD2d 315; *Nguyen v Brentwood School Dist.,* 239 AD2d 406).

In the absence of evidence sufficient to raise a triable issue of fact as to its ownership, control or special use of the property where the defective condition allegedly existed, the Diocese was entitled to summary judgment dismissing the cross claims insofar as asserted against it (*see, Griffith v Southbridge Towers,* 248 AD2d 162; *Minott v City of New York,* 230 AD2d 719). Bracken, J. P., O'Brien, Thompson and Sullivan, JJ., concur.