■ JACOB B. BLUM et al., Appellants, v CITY OF NEW YORK, Defendant, and VIRGINIA BRESSO et al., Respondents. (Action No. 1.) JACOB B. BLUM et al., Appellants, v GEORGE RUSSO et al., Respondents. (Action No. 2.) [700 NYS2d 65] —In two related actions to recover damages for personal injuries, etc., the plaintiffs in both actions appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered November 18, 1998, as granted the separate cross motions of the defendants in Action No. 1 Virginia Bresso, Lawrence Bresso, and Peter Bresso, and the defendants in Action No. 2, George Russo and George Russo d/b/a Crossbay Food Services, Inc., for summary judgment dismissing the complaints insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Jacob B. Blum allegedly slipped and fell on snow and ice while walking on a public sidewalk. The sidewalk abutted the property owned by the defendants in Action No. 1 Virginia Bresso, Lawrence Bresso, and Peter Bresso, and leased by the defendants in Action No. 2, George Russo and George Russo d/b/a Crossbay Food Services, Inc. (hereinafter collectively the respondents). A driveway which provided access to the property traversed the sidewalk. The Supreme Court granted the respondents' separate motions for summary judgment and we affirm.

It is well settled that a property owner whose land abuts a public sidewalk does not owe a duty to the public to maintain the sidewalk in a safe condition by removing the natural accumulation of snow and ice (*see, D'Ambrosio v City of New York,* 55 NY2d 454, 462; *Granville v City of New York,* 211 AD2d 195). Moreover, in the instant case, the plaintiff failed to establish that the respondents created or increased an existing hazard by negligently removing the snow and ice that had accumulated on the sidewalk (*see, Velez v City of New York,* 257 AD2d 570; *Faiz v City of New York,* 254 AD2d 322). In addition, while it is true that an abutting landowner will be responsible for injuries occurring on a sidewalk which he puts to a special use (*see, D'Ambrosio v City of New York, supra*), such as a driveway (*see, Azzara v Revellese,* 146 AD2d 592), the plaintiff must prove that the special use caused a defective condition and that it was a proximate cause of the accident. After the respondents respectively established their entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact that the respondents created a dangerous and defective condition or caused such condition by their use of the driveway (*see, Oathout v Soiefer Bros. Realty Corp.,* 253 AD2d 863). Therefore, the respondents' respective cross motions for summary judgment were properly granted (*see, Roark v Hunting,* 24 NY2d 470; *Nguyen v Brentwood School Dist.,* 239 AD2d 406). Thompson, J. P., Krausman, H. Miller and Schmidt, JJ., concur.