■ RICHARD SIMONDS et al., Respondents, v CITY OF NEW YORK et al., Respondents, and 115-34 RD FOOD CORP., Doing Business as FINE FARE, Appellant. [714 NYS2d 98] —In an action to recover damages for personal injuries, etc., the defendant 115-34 Rd Food Corp., d/b/a Fine Fare, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated September 22, 1999, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents, the motion is granted, the complaint and all cross claims are

dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff Richard Simonds was allegedly injured when he stepped into a pothole in the street adjacent to a driveway located on the same block as the appellant's store. The injured plaintiff and his wife commenced this action against the appellant, contending that the appellant used the driveway and that the driveway constituted a "special use" of the sidewalk.

In support of its motion for summary judgment, the appellant submitted evidence which established prima facie that the accident occurred on a public street. The papers submitted in opposition to the motion failed to raise a triable issue of fact as to the location of the accident. Furthermore, there is no evidence to support the plaintiffs' contention that the driveway constituted a special use by the appellant of the abutting public street (see, Kaufman v Silver, 90 NY2d 204, 207; Poirier v City of Schenectady, 85 NY2d 310, 315; Achkhanian v Town of Oyster Bay, 262 AD2d 510; Griffith v Southbridge Towers, 248 AD2d 162; Nguyen v Brentwood School Dist., 239 AD2d 406). Since the plaintiffs failed to show that the appellant made a special use of the public street or affirmatively caused the defective condition, the appellant was entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against it (see, Martinez v City of New York, 270 AD2d 235). O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.