■ Lance Breger, Respondent, v City of New York, Respondent, and Marvin Hellman et al., Appellants. [747 NYS2d 577]

The plaintiff tripped and fell on a piece of concrete on the sidewalk abutting property owned by the defendants Marvin Hellman and Rozi Hellman (hereinafter the Hellmans). The defendant MMJ Contracting (hereinafter MMJ) was performing construction on the Hellmans' property.

It is well settled that abutting landowners are liable for a defect in a public sidewalk only when the owners either created the defective condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation on them to maintain the sidewalk and expressly makes them liable for injuries caused by breach of that duty (*see Meyer v Guinta,* 262 AD2d 463). Furthermore, use of the sidewalk as a driveway may constitute a special use (*see Cela v Goodyear Tire & Rubber Co.,* 286 AD2d 640; *Waldron v City of New York,* 260 AD2d 471). The evidence indicates that MMJ may have been using the area of the sidewalk where the plaintiff tripped as a driveway into the construction site. The Hellmans and MMJ did not meet their burden of establishing that they did nothing to either create the defective condition or cause the condition through a special use of the sidewalk (*see Packer v City of New York,* 282 AD2d 587; *Caturano v City of New York,* 224 AD2d 202; *cf. Aversano v City of New York,* 265 AD2d 437). Thus, summary judgment was not warranted. Altman, J.P., Florio, O'Brien and H. Miller, JJ., concur.