■ SARA MORVAY et al., Appellants, v CITY OF NEW YORK, Defendant, and OPTICAL LENS LAB EXPRESS et al., Respondents. [750 NYS2d 81] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Schulman, J.), dated April 5, 2001, which, inter alia, granted the motion of the defendant Optical Lens Lab Express and the cross motion of the defendant Imperial Sterling Ltd., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff Sara Morvay allegedly tripped and fell on a raised and uneven part of a public sidewalk which abuts property owned by the defendant Imperial Sterling, Ltd., and leased by the defendant Optical Lens Lab Express. The plaintiffs commenced the instant action alleging, inter alia, that the defendants breached their respective duties to maintain the sidewalk in a reasonably safe condition. The Supreme Court granted the respondents summary judgment dismissing the complaint insofar as asserted against them, and this appeal ensued.

The owner or lessee of land abutting a public sidewalk does not owe a duty of care to the public to keep the sidewalk in a reasonably safe condition (*see Hausser v Giunta,* 88 NY2d 449, 452-453; *Ritts v Teslenko,* 276 AD2d 768). However, an abutting landowner or lessee may be held liable for a hazardous condition on a sidewalk if it created the condition or caused the condition to occur because of some special use (*see Gaynor v City of New York,* 259 AD2d 733; *McGee v City of New York,* 252 AD2d 483; *Surowiec v City of New York,* 139 AD2d 727, 728).

The respondents demonstrated their entitlement to judgment as a matter of law by presenting evidence that they did not create the defect in the sidewalk or cause the defect because of some special use. Since the plaintiffs failed to raise a triable issue of fact with respect to either issue, the Supreme Court properly granted summary judgment to the respondents, dismissing the complaint insofar as asserted against them (*see Gaynor v City of New York, supra*).

In light of the foregoing, we need not reach the remaining issues raised by the parties. Prudenti, P.J., Florio, Schmidt and Mastro, JJ., concur.