■ NORA HUGHES, Respondent, v CITY OF NEW YORK et al., Respondents, and FLUSHING SAVINGS BANK, Defendant and Third-Party Plaintiff-Appellant, et al., Third-Party Defendant. [758 NYS2d 365] —In an action to recover damages for personal injuries, the defendant Flushing Savings Bank appeals, as limited by its brief, from so much of an order of the Supreme

Court, Queens County (Flug, J.), entered July 29, 2002, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff allegedly was injured when she tripped and fell on a public sidewalk in front of a building owned by the defendant Flushing Savings Bank (hereinafter FSB). As stated by the Court of Appeals in the case of *Hausser v Giunta* (88 NY2d 449, 452-453 [1996]), "[g]enerally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner (*City of Rochester v Campbell,* 123 NY 405 [1890]; [*see*] *Roark v Hunting,* 24 NY2d 470, 475 [1969])." There are, however, circumstances under which this general rule is inapplicable and the abutting landowner will be held liable. Liability to abutting landowners may be imposed where the sidewalk was constructed in a special manner for the benefit of the abutting owner (*see Clifford v Dam,* 81 NY 52 [1880]), where the abutting owner affirmatively caused the defect (*see Colson v Wood Realty Co.,* 39 AD2d 511, 512 [1972]), where the abutting landowner negligently constructed or repaired the sidewalk, and where a local ordinance or statute specifically charges an abutting landowner with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty (*see Willis v Parker,* 225 NY 159 [1919]; *see also Martinez v City of New York,* 270 AD2d 235 [2000]; *Bogomolsky v City of New York,* 259 AD2d 719 [1999]).

Here, FSB established a prima facie case that none of the circumstances enumerated above which could impose liability upon it was present. In opposition, the plaintiff failed to raise a triable issue of fact (*see Hausser v Giunta, supra*).

Accordingly, FSB is entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Altman, J.P., Goldstein, Luciano and Rivera, JJ., concur.