RUTH TORRES, Appellant, v CENTRAL PARKING SYSTEM et al., Respondents. [770 NYS2d 629]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), entered December 5, 2002, which, upon the granting of the defendants' motion pursuant to CPLR 4404 to set aside a jury verdict in her favor and for judgment as a matter of law, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff allegedly sustained personal injuries when she tripped and fell in a hole in the roadway at the foot of a driveway

leading to the defendants' parking garage. The jury returned a verdict in favor of the plaintiff, finding the defendants were negligent in not keeping their premises in a reasonably safe condition, and that such negligence was a substantial factor in bringing about the accident. The Supreme Court granted the defendants' motion pursuant to CPLR 4404 to set aside the verdict and for judgment as a matter of law, and entered a judgment dismissing the complaint.

There was no evidence to support the plaintiff's contention that the driveway constituted a special use of the public roadway by the defendants that caused the defect at issue (*see Nixdorf v East Islip School Dist.,* 276 AD2d 759 [2000], 760; *Simonds v City of New York,* 276 AD2d 478, 479 [2000]; *Achkhanian v Town of Oyster Bay,* 262 AD2d 510 [1999]). Accordingly, the Supreme Court properly determined that, as a matter of law, the defendants were not at fault in the happening of the accident.

The plaintiff's remaining contentions are without merit. Altman, J.P., Goldstein, Crane and Mastro, JJ., concur.