(November 28, 2005)

■ Jose Adorno, Jr., et al., Respondents, v Joslyn Carty et al., Appellants, City of New York, Respondent, et al., Defendant. [804 NYS2d 798]—

In an action to recover damages for personal injuries, etc., the defendants Joslyn Carty, Kiziah Carty, and Emma Cummings appeal from an order of the Supreme Court, Kings County (Partnow, J.), dated July 23, 2004, which denied their respective motions for summary judgment dismissing the complaint and cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The infant plaintiff was injured when the front wheel of the scooter he was riding struck an alleged defect in the sidewalk, causing him to fall. The alleged defect was located in a portion

of the sidewalk which provides access to the appellants' common driveway. The appellants' use of the sidewalk constituted a special use (*see Tedeschi v KMK Realty Corp.*, 8 AD3d 658 [2004]).

Where a sidewalk is adjacent to but not part of the area used as a driveway, the plaintiff bears the burden of proof on a motion for summary judgment of showing that the special use of the sidewalk contributed to the defect (*see Ivanyushkina v City of New York*, 300 AD2d 544). However, if the defect is in the portion of the sidewalk used as a driveway, "the abutting landowner, on a motion for summary judgment, bears the burden of establishing that he or she did 'nothing to either create the defective condition or cause the condition through' the special use of the property as a driveway" (*Katz v City of New York*, 18 AD3d 818, 819 [2005], quoting *Breger v City of New York*, 297 AD2d 770, 771 [2002]). If the weight of traffic on the driveway could have been a concurrent cause of the defect, the motion for summary judgment should be denied (*see Katz v City of New York, supra*).

In this case, the appellants failed to meet their burden of establishing that their special use of the sidewalk did not contribute to the allegedly defective condition (*see Dos Santos v Peixoto*, 293 AD2d 566, 567 [2002]). Accordingly, summary judgment was properly denied. H. Miller, J.P., Goldstein, Luciano and Covello, JJ., concur.