■ LATONIA LADSON, Respondent, v CITY OF NEW YORK, Appellant, FAA AUTO SALES, INC., et al., Respondents, and SUNRISE

Holding Co., LLP, Defendant and Third-Party Plaintiff-Respondent. HSBC USA Inc., Third-Party Defendant and Second Third-Party Plaintiff-Respondent. Trammel Crow Corporate Services, Inc., Second Third-Party Defendant-Appellant. [814 NYS2d 532]—

In an action to recover damages for personal injuries, the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated October 13, 2004, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the second third-party defendant Trammel Crow Corporate Services, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the second third-party complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the cross motions are granted, the complaint and all cross claims insofar as against the defendant City of New York are dismissed, the second third-party complaint and all cross claims insofar as asserted against the second third-party defendant Trammel Crow Corporate Services, Inc., are dismissed, and the actions as against the remaining parties are severed.

The plaintiff allegedly was injured when she stepped in a hole in the sidewalk and fell. She commenced this action against, among others, the defendants City of New York and Sunrise Holding Co., LLP (hereinafter Sunrise). Sunrise is the owner of one of two properties allegedly abutting the sidewalk at issue. Sunrise commenced a third-party action against HSBC USA, Inc. (hereinafter HSBC), its tenant, and HSBC commenced a second third-party action against Trammel Crow Corporate Services, Inc. (hereinafter Trammel Crow), the property manager for the premises.

In opposition to the City's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (*see Amabile v City of Buffalo,* 93 NY2d 471 [1999]; *Walker v Incorporated Vil. of Northport,* 304 AD2d 823 [2003]). Thus, the City's motion for summary judgment dismissing the complaint and all cross claims insofar as against it should have been granted.

In opposition to Trammel Crow's prima facie demonstration of entitlement to judgment as a matter of law, HSBC failed to

raise a triable issue of fact (*see Jordan v City of New York,* 23 AD3d 436 [2005]; *Adorno v Carty,* 23 AD3d 590 [2005]). Thus, Trammel Crow's motion for summary judgment dismissing the second third-party complaint and all cross claims insofar as asserted against it should have been granted. Ritter, J.P., Mastro, Lunn and Covello, JJ., concur.