ANNETTE HYLAND, Appellant, v CITY OF NEW YORK et al., Respondents. [821 NYS2d 138]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Mega, J.), dated April 21, 2005, as granted those branches of the respective motions of the defendants City of New York and Western Beef which were for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff, a New York City Police Officer, commenced this personal injury action against the defendants, the City of New York and Western Beef, alleging that on May 31, 2002 she was injured as a result of a pothole located on the public roadway immediately adjacent to Western Beef's driveway on Bay Street on Staten Island. Specifically, the plaintiff was on duty and had been assigned to scooter patrol when she attempted to enter the Western Beef parking lot to investigate possible illegal activity. The plaintiff alleged that while proceeding to make a right turn from Bay Street into the parking lot, the front wheel of her scooter struck a pothole in the roadway causing her to lose control and fall forward over the handlebars. The Supreme Court granted those branches of the respective motions of the City and Western Beef which were for summary judgment dismissing the complaint. We affirm the order insofar as appealed from.

As a general rule, an owner of land abutting public property

is not liable for keeping that public property in a safe condition unless the landowner actually created the dangerous condition, made a special use of the public property, or breached a specific ordinance or statute obligating the owner to maintain the public property (*see Flores v Baroudos*, 27 AD3d 517 [2006]; *Lowenthal v Theodore H. Heidrich Realty Corp.*, 304 AD2d 725,726 [2003]).

Western Beef made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that it did not create the alleged dangerous condition or cause it to occur through the special use of the roadway, and no statute or ordinance conferred liability upon it (*see Jeanty v Benin*, 1 AD3d 566, 567 [2003]). By the plaintiff's own admission, her fall occurred in the street and not on the Western Beef driveway. In opposition, the plaintiff failed to demonstrate the existence of a triable issue of fact regarding Western Beef's alleged special use of the abutting public roadway (*see Simonds v City of New York*, 276 AD2d 478 [2000]; *Achkhanian v Town of Oyster Bay*, 262 AD2d 510 [1999]).

The City made a prima facie showing of entitlement to judgment as a matter of law on the issue of lack of prior written notice (*see Albright v City of New York*, 25 AD3d 577 [2006]; *Betzold v Town of Babylon*, 18 AD3d 787 [2005]). The plaintiff failed to plead and prove that the City had prior written notice, thus warranting dismissal of the complaint (*see Katz v City of New York*, 87 NY2d 241 [1995]; *Estrada v City of New York*, 273 AD2d 194 [2000]). Further, the records submitted on the motion, which had been exchanged with the plaintiff during discovery and were addressed at the deposition of the City's witness, established, prima facie, that the City had not received prior written notice of the alleged dangerous condition as required by Administrative Code of City of New York § 7-201 (c) (2) (*see Yarborough v City of New York*, 28 AD3d 650 [2006]). In opposition, the plaintiff argued that the City created the alleged dangerous condition through an affirmative act of negligence, which is an exception to the prior written notice requirement (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). The plaintiff's submissions were insufficient to raise a triable issue of fact in this regard (*see Silburn v City of Poughkeepsie*, 28 AD3d 468 [2006]). The opinion of the plaintiff's expert that the City negligently repaired the roadway adjacent to Western Beef's driveway on August 2, 2001 was speculative and unsupported by the record. Thus, it was insufficient to raise a triable issue of fact (*see Rendon v Castle Realty*, 28 AD3d 532 [2006]; *Cannizzaro v Simco Mgt. Co.*, 26 AD3d 401 [2006]; *Schrader v Sun-*

*nyside Corp.*, 297 AD2d 369, 371 [2002]). No evidence was presented that the City's highway repair crew repaired the subject area, or was ever assigned to do so. Assuming that such repair had been performed on August 2, 2001, the plaintiff proffered no evidence that negligent repair, as opposed to the passage of time, weather, or other factors, caused the alleged dangerous condition (*see Reyes v City of New York*, 29 AD3d 667 [2006]). Moreover, even if the subject area had been repaired on August 2, 2001, the mere eventual emergence of a dangerous condition as a result of wear and tear and environmental factors does not constitute an affirmative act of negligence (*see Yarborough v City of New York, supra*).

The plaintiff's remaining contentions are either academic or without merit. Florio, J.P., Skelos, Fisher and Dillon, JJ., concur.