■ ANNAMAY COLONNA, Respondent, v KEVIN ALLEN, Appellant. [826 NYS2d 406]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Gigante, J.), dated February 1, 2006, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff claims to have tripped on the end of a metal pipe embedded in a public sidewalk directly in front of the defendant's residence. As evidenced by photographs of the location of her fall, the cracked and exposed end of the pipe was located on the curb side of a damaged sidewalk. On the opposite side of

that sidewalk, in line with the direction of the pipe, lay a blacktopped surface which is used by the defendant as part of an active driveway.

On his motion for summary judgment, the defendant bore the initial burden of establishing, prima facie, that he did not make special use of the sidewalk in the area where the plaintiff fell (*see Katz v City of New York*, 18 AD3d 818, 819 [2005]; *Vyadro v City of New York*, 2 AD3d 519, 520-521 [2003]; *Morvay v City of New York*, 298 AD2d 442 [2002]; *Breger v City of New York*, 297 AD2d 770 [2002]). He failed to carry that burden.

The defendant never refuted the plaintiff's allegation that the area of the sidewalk where she fell was part of an active driveway used for his residence. In fact, the defendant's deposition testimony, the photographs of the accident location, and the affidavit of the plaintiff's expert, all show that the accident occurred directly in front of the defendant's driveway. Under these circumstances, the defendant was required to make a prima facie showing that his special use of the sidewalk as a driveway did not cause or contribute to the defective condition on which the plaintiff allegedly tripped (*see Adorno v Carty*, 23 AD3d 590 [2005]; *Katz v City of New York, supra* at 819).

Having failed to carry his prima facie burden of proof, the defendant was not entitled to judgment as a matter of law (*see Ayotte v Gervasio*, 81 NY2d 1062 [1993]; *Vyadro v City of New York, supra* at 520). Adams, J.P., Krausman, Fisher and Dillon, JJ., concur.