■ ELVIN NUNEZ, Respondent, v CITY OF NEW YORK et al., Respondents, MANHASSET HOMES CORP. et al., Appellants, et al., Defendant. [838 NYS2d 619]—

In an action to recover damages for personal injuries, the defendants Manhasset Homes Corp. and Mered Properties, Inc., appeal from an order of the Supreme Court, Queens County (Flug, J.), entered October 24, 2006, which denied their motion, in effect, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The infant plaintiff, Elvin Nunez, allegedly sustained injuries when the front tire of the bicycle he was riding went into a hole in the sidewalk abutting property owned by the defendant Manhasset Homes Corp. (hereinafter Manhasset), and he was catapulted to the ground.

"[A]butting landowners are liable for a defect in a public sidewalk only when the owners either created the defective condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation on them to maintain the sidewalk and expressly makes them liable for injuries caused by breach of that duty" (*Breger v City of New York*, 297 AD2d 770, 771 [2002]; *see Lowenthal v Theodore H. Heidrich Realty Corp.*, 304 AD2d 725, 726 [2003]). The use of a sidewalk as a driveway may constitute a special use (*see Colonna v Allen*, 35 AD3d 517 [2006]). The testimony of Manhasset's president, Edgardo Kramer, as well as photographs taken of the accident scene after the occurrence, showed that Manhasset may have been using the area of the sidewalk where the accident occurred as a driveway into the construction site. The appellants did not meet their burden of establishing that they did nothing to either create the defective condition or cause the condition through a special use of the sidewalk (*see Breger v City of New York, supra*). Therefore, the Supreme Court properly denied the appellants' motion. Ritter, J.P., Goldstein, Fisher and Balkin, JJ., concur.