■ MARIA DEL CARMEN CAMPOS, Respondent, v MIDWAY CABINETS, INC., Appellant. [858 NYS2d 742]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated December 21, 2006, as, upon renewal, adhered to its prior determination in an order dated July 13, 2006, denying the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained injuries when she slipped and fell on a patch of ice on a public sidewalk in front of a warehouse in which the defendant was a tenant. The accident occurred prior to the effective date of Administrative Code of the City of New York § 7-210, which places upon certain landowners the obligation to maintain sidewalks in a safe condition and imposes liability upon such landowners for injuries caused by their failure to do so (*see Torres v City of New York,* 32 AD3d 347, 348 n 2 [2006]). Thus, the defendant may be held liable for the alleged defect in the sidewalk only if it "either created the defective condition or caused the defect to occur because of a special use" (*Breger v City of New York,* 297 AD2d 770, 771

[2002]; *see Nunez v City of New York*, 41 AD3d 677 [2007]; *Dos Santos v Peixoto*, 293 AD2d 566 [2002]).

The use of a sidewalk as a driveway "constitutes a special use" (*Katz v City of New York*, 18 AD3d 818, 819 [2005]; *see Nunez v City of New York*, 41 AD3d at 678; *Breger v City of New York*, 297 AD2d at 771). Where a defect that causes an accident "occurs in a part of the sidewalk which is used as a driveway, the abutting landowner, on a motion for summary judgment, bears the burden of establishing that he or she did 'nothing to either create the defective condition or cause the condition through' the special use of the property as a driveway" (*Katz v City of New York*, 18 AD3d at 819, quoting *Breger v City of New York*, 297 AD2d at 771; *see Adorno v Carty*, 23 AD3d 590, 591 [2005]).

In support of its renewed motion for summary judgment in this case, the defendant failed to establish that the allegedly defective condition that caused the plaintiff's accident was not located on the portion of the sidewalk which it used as a driveway, and failed to establish that it did nothing to cause that condition through its special use of the property as a driveway (*see Nunez v City of New York*, 41 AD3d at 678; *Adorno v Carty*, 23 AD3d at 591). Thus, the defendant did not make a prima facie showing of its entitlement to judgment as a matter of law, and, upon renewal, its motion for summary judgment was properly denied. Prudenti, P.J., Miller, Carni and Chambers, JJ., concur.