■ JOHN SERANO et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Defendants. [887 NYS2d 258]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kurtz, J.), dated March 13, 2008, as granted that branch of the cross motion of the defendant New York City Housing Authority which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Housing Authority is denied.

On June 17, 2000 the infant plaintiff John Serano allegedly tripped and fell when his sneaker became caught in a gap between a public sidewalk and the corner of a cellar door owned by the defendant New York City Housing Authority (hereinafter the NYCHA). The accident occurred prior to the effective date of Administrative Code of the City of New York § 7-210, which places upon certain landowners the obligation to maintain sidewalks in a safe condition, and imposes liability upon such landowners for injuries caused by their failure to do so (see Campos v Midway Cabinets, Inc., 51 AD3d 843 [2008]; Torres v City of New York, 32 AD3d 347, 348 [2006]). Thus, the NYCHA "may be held liable for the alleged defect in the sidewalk only if it 'either created the defective condition or caused the defect to occur because of a special use' " (Campos v Midway Cabinets, Inc., 51 AD3d at 843, quoting Breger v City of New York, 297 AD3d 770, 771 [2002]).

Contrary to the conclusion of the Supreme Court, the NYCHA failed to establish its prima facie entitlement to judgment as a matter of law by demonstrating that it neither created the allegedly defective condition nor caused it to occur through a special use of the sidewalk (see Nunez v City of New York, 41 AD3d 677, 678 [2007]; Cuevas v City of New York, 32 AD3d 372, 373 [2006]). Further, contrary to the contention of the NYCHA, it failed to make a prima facie showing that the alleged defect was trivial and, therefore, not actionable (see Trincere v County of Suffolk, 90 NY2d 976, 977-978 [1997]; Portanova v Kantlis, 39 AD3d 731 [2007]), or that the plaintiffs were merely speculating as to the cause of the infant plaintiff's fall (see Cuevas v City of New York, 32 AD3d at 373). Since the NYCHA failed to meet

its prima facie burden, the sufficiency of the plaintiffs' opposing papers need not be considered (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court erred in granting that branch of the NYCHA's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The NYCHA's remaining contentions are without merit. Mastro, J.P., Santucci, Chambers and Lott, JJ., concur.