■ JACOB BRAUN et al., Appellants, v JOAN WEISSMAN et al., Respondents. [890 NYS2d 615]—

The injured plaintiff allegedly slipped and fell on ice on a sidewalk abutting the defendants' property. The injured plaintiff and his wife, suing derivatively, commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that they did not create the alleged icy condition by negligently performing snow removal. The Supreme Court granted the motion. We reverse.

An owner of property abutting a public sidewalk is under no duty to pedestrians to "remove ice and snow that naturally accumulates upon the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so" (*Bruzzo v County of Nassau,* 50 AD3d 720, 721 [2008]; *see Crudo v City of New York,* 42 AD3d 479, 480 [2007]; *Wu Zhou Wu v Korea Shuttle Express Corp.,* 23 AD3d 376, 377 [2005]; *Negron v G.R.A. Realty,* 307 AD2d 282 [2003]). In the absence of such a statute or ordinance, the owner can be held liable only if he or

she, or someone on his or her behalf, "undertook snow and ice removal efforts which made the naturally-occurring conditions more hazardous" (*Robles v City of New York*, 56 AD3d 647, 647 [2008] [internal quotation marks omitted]; *see Bruzzo v County of Nassau*, 50 AD3d at 721; *Martinez v City of New York*, 20 AD3d 513 [2005]).

Here, since the defendants and their children lived in the premises, a one-family house, the premises were exempt from liability imposed pursuant to Administrative Code of the City of New York § 7-210 (b) for negligent failure to remove snow and ice from the sidewalk. Nevertheless, the defendants, as movants, failed to establish, prima facie, that their snow removal work did not create the alleged icy condition. Under the circumstances, a triable issue of fact exists as to whether the ice upon which the injured plaintiff slipped was formed when snow piles created by the defendants' snow removal efforts melted and refroze (*see Keese v Imperial Gardens Assoc., LLC*, 36 AD3d 666, 667-678 [2007]; *Caro v Skyline Terrace Coop.*, 132 AD2d 512, 513 [1987]; *see also Smith v County of Orange*, 51 AD3d 1006 [2008]; *Ricca v Ahmad*, 40 AD3d 728 [2007]; *Knee v Trump Vil. Constr. Corp.*, 15 AD3d 545 [2005]). Skelos, J.P., Eng, Austin and Roman, JJ., concur.