■ ANITA JOHN, Respondent, v CITY OF NEW YORK, Defendant, and SANDY M. EISENBERGER et al., Appellants. [909 NYS2d 142]—

In an action to recover damages for personal injuries, the defendants Sandy M. Eisenberger and Eta Eisenberger appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated September 30, 2009, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Sandy M. Eisenberger and Eta Eisenberger for summary judgment dismissing the complaint insofar as asserted against them is granted.

The plaintiff allegedly slipped and fell on ice on a public sidewalk abutting the appellants' two-family house. The defendant Sandy M. Eisenberger testified at his deposition that he performed snow removal work a day or two before the accident. Since the appellants' property constituted a two-family house, was owner-occupied, and was used exclusively for residential purposes, the appellants were exempt from liability imposed pursuant to section 7-210 (b) of the Administrative Code of the City of New York for negligent failure to remove snow and ice from the sidewalk (*see Braun v Weissman*, 68 AD3d 797, 798 [2009]; *Bi Chan Lin v Po Ying Yam*, 62 AD3d 740, 741 [2009]). Thus, the appellants may be held liable for the hazardous condition on the sidewalk only if they either undertook snow and ice removal efforts that made the naturally-occurring condition more hazardous (*see Braun v Weissman*, 68 AD3d at 797-798; *Bi Chan Lin v Po Ying Yam*, 62 AD3d 740 [2009]; *Robles v City of New York*, 56 AD3d 647 [2008]; *Bruzzo v County of Nassau*, 50 AD3d 720, 721 [2008]), or caused the defect to occur because of a special use (*see Campos v Midway Cabinets, Inc.*, 51 AD3d 843 [2008]; *Nunez v City of New York*, 41 AD3d 677 [2007]; *Breger v City of New York*, 297 AD2d 770, 771 [2002]; *Dos Santos v Peixoto*, 293 AD2d 566 [2002]). An abutting landowner is not liable for the removal of snow and ice in an incomplete manner (*see Roark v Hunting*, 24 NY2d 470, 475 [1969]; *Archer v City of New York*, 300 AD2d 518 [2002]; *Yen Hsia v City of New York*, 295 AD2d 565 [2002]; *Klein v Chase Manhattan Bank*, 290 AD2d 420 [2002]).

In support of their motion for summary judgment, the appellants demonstrated, as a matter of law, that they did not create or increase an existing hazard by removing the snow and ice that had accumulated on the sidewalk, or cause such condition through the special use of the sidewalk as a driveway (*see Katz v City of New York*, 18 AD3d 818, 819 [2005]; *Breger v City of New York*, 297 AD2d at 771). In opposition, the plaintiff failed

to proffer any evidence sufficient to raise a triable issue of fact as to whether the appellants created or exacerbated the alleged icy condition on the sidewalk through their snow removal efforts (*see Cruz v County of Nassau*, 56 AD3d 513 [2008]; *Klotz v City of New York*, 9 AD3d 392 [2004]; *Wilson v Prazza*, 306 AD2d 466 [2003]; *Archer v City of New York*, 300 AD2d 518 [2002]; *Yen Hsia v City of New York*, 295 AD2d 565 [2002]; *Penny v Pembrook Mgt.*, 280 AD2d 590 [2001]), or caused such condition by their special use of the sidewalk as a driveway (*see Savage v Shah*, 297 AD2d 795, 796 [2002]; *Blum v City of New York*, 267 AD2d 341, 342 [1999]; *Oathout v Soiefer Bros. Realty Corp.*, 253 AD2d 863 [1998]).

Accordingly, the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them should have been granted. Dillon, J.P., Florio, Balkin and Roman, JJ., concur.