■ SUNHEE LEE, Appellant, v IOSIF ILYASOV et al., Respondents. [945 NYS2d 150]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated May 23, 2011, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly slipped and fell on black ice on a public sidewalk abutting the defendants' property. Since the defendants' property, a one-family house, was owner-occupied and used exclusively for residential purposes, the defendants were exempt from liability imposed pursuant to Administrative Code of the City of New York § 7-210 (b) for negligent failure to

remove snow and ice from the sidewalk (*see John v City of New York*, 77 AD3d 792, 793 [2010]; *Braun v Weissman*, 68 AD3d 797, 797-798 [2009]). Thus, the defendants may be held liable for the hazardous condition on the sidewalk only if they undertook snow and ice removal efforts that made the naturally occurring condition more hazardous (*see John v City of New York*, 77 AD3d at 793; *Braun v Weissman*, 68 AD3d at 797-798; *Bi Chan Lin v Po Ying Yam*, 62 AD3d 740, 741 [2009]), or caused the defect to occur because of a special use (*see John v City of New York*, 77 AD3d at 793; *Campos v Midway Cabinets, Inc.*, 51 AD3d 843 [2008]).

Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law. The defendants did not demonstrate that they did not undertake snow and ice removal efforts, or that any such efforts on their part did not create or exacerbate the alleged icy condition (*see Braun v Weissman*, 68 AD3d at 798; *Robles v City of New York*, 56 AD3d 647, 648 [2008]). Since the defendants failed to satisfy their prima facie burden, the plaintiff's opposition papers need not be considered (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Belen, Sgroi and Miller, JJ., concur.