■ RODRIGO TEXIS CUAPIO, Respondent, v JOHN SKRODZKI et al., Appellants. [966 NYS2d 438]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated February 29, 2012, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

Since the defendants' property, a two-family house, was owner-occupied and used exclusively for residential purposes, the defendants were exempt from liability imposed pursuant to Administrative Code of the City of New York § 7-210 (b) for negligent failure to remove snow and ice from the sidewalk (*see Lee v Ilyasov*, 95 AD3d 1205 [2012]; *John v City of New York*, 77 AD3d 792 [2010]; *Braun v Weissman*, 68 AD3d 797 [2009]; *Bi Chan Lin v Po Ying Yam*, 62 AD3d 740 [2009]). Thus, the defendants may be held liable for a hazardous snow and ice condition on the sidewalk only if they undertook snow and ice removal efforts that made the naturally occurring condition more hazardous or caused the defect to occur because of a special use (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *Lee v Ilyasov*, 95 AD3d 1205 [2012]; *John v City of New York*, 77

AD3d 792 [2010]). Unless one of these factors is present, an abutting owner of a two-family residence may not be held liable for the removal of snow and ice in an incomplete manner (*see John v City of New York*, 77 AD3d 792 [2010]; *Cruz v County of Nassau*, 56 AD3d 513 [2008]).

Insofar as relevant here, the defendants established, prima facie, that their snow removal efforts on the night before the accident did not create or increase an existing hazard (*see John v City of New York*, 77 AD3d 792 [2010]; *Friedman v Stauber*, 18 AD3d 606 [2005]; *Yen Hsia v City of New York*, 295 AD2d 565 [2002]; *Plona v City of New York*, 289 AD2d 215 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Angiolillo, Austin and Hinds-Radix, JJ., concur.