In an action to recover damages for personal injuries, the defendant/third-party defendant North Broadway Phones, Inc., appeals (1) from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated February 27, 2012, as denied those branches of its motion which were for summary judgment dismissing the complaint and the eighth cause of action in the third-party complaint insofar as asserted against it, and (2) from so much of an order of the same court dated April 17, 2012, as, upon reargument, adhered to the original determination.
Ordered that the appeal from the order dated February 27, 2012, is dismissed, as the portion of the order appealed from was superseded by the order dated April 17, 2012, made upon reargument; and it is further,
Ordered that the order dated April 17, 2012, is reversed insofar as appealed from, on the law, upon reargument, the determination in the order dated February 27, 2012, denying those branches of the motion of the defendant/third-party defendant North Broadway Phones, Inc., which were for summary judgment dismissing the complaint and the eighth cause of action in the third-party complaint insofar as asserted against it is vacated and, thereupon, those branches of the motion of the defendant/third-party defendant North Broadway Phones, Inc., are granted; and it is further,
Ordered that one bill of costs is awarded to the defendant/ third-party defendant North Broadway Phones, Inc.
*867 Veronica Kriz fell due to an alleged defect on a public sidewalk in Yonkers which was adjacent to premises owned by the defendant/third-party plaintiff, Getty Square Realty, LLC (hereinafter Getty Square), and occupied by a subtenant, the defendant third-party defendant North Broadway Phones, Inc. (hereinafter North Broadway). A pair of metal doors set into the sidewalk led to the basement of the premises. Kriz commenced this action against, among others, Getty Square, and Getty Square commenced a third-party action against, among others, the subtenant North Broadway, seeking, in the eighth cause of action of the third-party complaint, contribution and indemnification against North Broadway. In an order dated February 27, 2012, the Supreme Court, inter alia, denied those branches of North Broadway’s motion which were for summary judgment dismissing the complaint and the eighth cause of action in the third-party complaint insofar as asserted against it on the ground that North Broadway’s use of the metal doors raised a triable issue of fact relating to its special use of the sidewalk. North Broadway then moved for leave to reargue. In an order dated April 17, 2012, the court, upon reargument, adhered to its original determination.
An owner or occupier of land which abuts a public sidewalk owes no duty to maintain the sidewalk in a safe condition (see Berkowitz v Spring Cr., Inc., 56 AD3d 594, 595 [2008]), and liability may not be imposed upon it for injuries sustained as a result of a dangerous condition in the sidewalk, except where the abutting owner or lessee “ ‘either created the condition, voluntarily but negligently made repairs, caused the condition to occur because of some special use, or violated a statute or ordinance placing upon the owner or lessee the obligation to maintain the sidewalk which imposes liability upon that party for injuries caused by a violation of that duty’ ” (id. at 595-596, quoting Lowenthal v Theodore H. Heidrich Realty Corp., 304 AD2d 725, 726 [2003]). To recover from a tenant which occupies premises abutting a sidewalk under the theory that the tenant has a special use of the sidewalk, the tenant must be in exclusive possession and control of the alleged special-use area (see Beda v City of New York, 4 AD3d 317, 318 [2004]), and the plaintiff must demonstrate that the special use caused the defective condition which proximately caused his or her injuries (see Loiaconi v Village of Tarrytown, 36 AD3d 864, 866 [2007]; Hughes v City of New York, 304 AD2d 618, 619 [2003]; Blum v City of New York, 267 AD2d 341, 342 [1999]).
North Broadway established its prima facie entitlement to judgment as a matter of law by showing, inter alia, that it nei *868 ther created a dangerous condition nor caused such condition by their use of the metal doors leading to their basement (see Hughes v City of New York, 304 AD2d at 619; Blum v City of New York, 267 AD2d at 342). In opposition, Kriz and Getty Square failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Hughes v City of New York, 304 AD2d at 619).
Accordingly, upon reargument, the court should have granted those branches of North Broadway’s motion which were for summary judgment dismissing the complaint and the eighth cause of action in the third-party complaint insofar as asserted against it. Rivera, J.P., Hall, Cohen and Miller, JJ., concur.