■ HENRY MULLANEY, Respondent, v CITY OF NEW YORK, Defendant, and MARIA FE GONZALES, Appellant. [5 NYS3d 146]—

In an action to recover damages for personal injuries, the defendant Maria Fe Gonzales appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated June 7, 2013, as denied that branch of her motion which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Maria Fe Gonzales which was for summary judgment dismissing the complaint insofar as asserted against her is granted.

The plaintiff allegedly slipped and fell on a sidewalk abutting a three-family house owned by the defendant Maria Fe Gonzales. Since the subject premises were partially owner-occupied and used exclusively for residential purposes, Gonzales was exempt from liability imposed pursuant to Administrative Code of the City of New York § 7-210 (b) for negligent failure to remove snow and ice from the sidewalk (*see Cuapio v Skrodzki*, 106 AD3d 769 [2013]; *Lee v Ilyasov*, 95 AD3d 1205, 1205-1206 [2012]; *John v City of New York*, 77 AD3d 792, 793 [2010]). Thus, Gonzales may be held liable for a hazardous snow and ice condition on the sidewalk only if she undertook snow and ice removal efforts that made the naturally occurring condition more hazardous or caused the defect to occur because of a special use (*see Cuapio v Skrodzki*, 106 AD3d at 769; *Lee v Ilyasov*, 95 AD3d at 1206; *John v City of New York*, 77 AD3d at 793). Unless one of these factors is present, Gonzales, an abutting owner of a three-family residence, may not be held liable for the removal of snow and ice in an incomplete manner (*see Cuapio v Skrodzki*, 106 AD3d at 769; *John v City of New York*, 77 AD3d at 793).

Insofar as relevant here, Gonzales established, prima facie, that her snow removal efforts while a storm was in progress did not create a hazardous condition or exacerbate a natural hazard created by the storm (*see Wei Wen Xie v Ye Jiang Yong*, 111 AD3d 617, 618 [2013]; *Cuapio v Skrodzki*, 106 AD3d at 769; *Joseph v Pitkin Carpet, Inc.*, 44 AD3d 462 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court should have granted that branch of Gonzales's motion which was for summary judgment dismissing the

complaint insofar as asserted against her. Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.