Boneventura v 60 W. 57 Realty LLC (2018 NY Slip Op 00232)





Boneventura v 60 W. 57 Realty LLC


2018 NY Slip Op 00232


Decided on January 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 11, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Kahn, Kern, JJ.


5434 112378/11

[*1]Anthony Boneventura, Plaintiff-Respondent,
v
60 West 57 Realty LLC, et al., Defendants-Respondents, New York Parking 56th Street Corp., Defendant-Appellant.


McGaw, Alventosa & Zajac, Jericho (Ross P. Masler of counsel), for appellant.
William Schwitzer & Associates, P.C., New York (Howard R. Cohen of counsel), for Anthony Boneventura, respondent.
Ropers Majeski Kohn & Bentley, P.C., New York (Lisa M. Fitzgerald of counsel), for 60 West 57 Realty LLC and 5657 Realty Corp., Inc., respondents.



Order, Supreme Court, New York County (Richard F. Braun, J.), entered April 18, 2017, which denied the motion of defendant New York Parking 56th Street Corp. (New York Parking) for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.
Summary judgment was properly denied in this action where plaintiff was injured when he tripped and fell on the part of the sidewalk that New York Parking used as a driveway for its parking garage that it leased from defendant 60 West 57 Realty LLC. The record presents triable issues of fact as to whether New York Parking's use of the sidewalk was a special use, and whether that special use caused the defect in the sidewalk that caused plaintiff to fall (see Mincey v Mensch, 253 AD2d 656 [1st Dept 1998]; Adorno v Carty, 23 AD3d 590 [2d Dept 2005]; see also Infante v City of New York, 258 AD2d 333 [1s Dept 1999]). The duty to maintain the area of special use runs with the land and is not dependent upon a finding that New York Parking actually inspected the sidewalk or repaired it (see Karr v City of New York, 161 AD2d 449 [1st Dept 1990]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 11, 2018
CLERK