Matter of DeMairo v State of New York (2019 NY Slip Op 03591)





Matter of DeMairo v State of New York


2019 NY Slip Op 03591


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-08118

[*1]In the Matter of Carol Ann DeMairo, etc., appellant,
v
State of New York, respondent. (Claim Nos. 123838, 124151) Law Offices of Edmond C. Chakmakian, P.C., Hauppauge, NY, for appellant.


Letitia James, Attorney General, New York, NY (Andrew W. Amend and Mark H. Shawhan of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries and wrongful death, the claimant appeals from an order of the Court of Claims (Faviola A. Soto, J.), dated May 19, 2017. The order granted the defendant's motion for summary judgment dismissing the claim and denied the claimant's cross motion to amend the notice of intention to file a claim and the claim to state the decedent's correct date of death.
ORDERED that the order is affirmed, with costs.
John J. DeMairo died on April 3, 2012, from complications of a lacerated spleen. Carol Ann DeMairo was appointed administrator of his estate on May 15, 2013. On July 15, 2013, she served on the New York State Attorney General a notice of intention to file a claim against a state-owned hospital for misdiagnosis of a lacerated spleen. The notice of intention to file a claim stated that the claim arose on April 5, 2012. The claim, which was served on the Attorney General on March 31, 2014, stated that negligent treatment was administered to the decedent "from March 27, 2012 through the date of the decedent's death on April 3, 2013," and further stated that the claim "accrued between March 27, 2012 and April 3, 2012 at 5:05 a.m." An amended claim stating that the decedent died on April 3, 2012, was rejected by the defendant because it was unverified.
The defendant moved for summary judgment dismissing the claim as untimely and for lack of jurisdiction, and the claimant cross-moved for leave to amend the notice of intention to file a claim and claim to reflect the decedent's correct date of death. The Court of Claims granted the defendant's motion and denied the claimant's cross motion, and the claimant appeals.
While the notice of intention to file a claim was properly served within 90 days after the appointment of the claimant as administrator of the decedent's estate (see Court of Claims Act § 10[2]), the notice of intention to file a claim failed to comply with Court of Claims Act § 11(b), which provides that the notice "shall state the time when and place where such claim arose [and] the nature of same." Neither the notice of intention to file a claim nor the claim correctly stated the time when the wrongful death claim arose, which is the date of the decedent's death (see Hernandez v New York City Health & Hosps. Corp., 78 NY2d 687, 690).
Since actions against the State require waiver of sovereign immunity and are in derogation of the common law, statutory requirements conditioning suit must be strictly construed (see Kiesow v State of New York, 161 AD3d 1060; Hunter v State of New York, 72 AD3d 1030). "[T]he State is not required to go beyond a claim or notice of intention in order to investigate an occurrence or ascertain information which should be provided pursuant to Court of Claims Act § 11" (Hargrove v State of New York, 138 AD3d 777, 778 [internal quotation marks omitted]; cf. Oliver v State of N.Y. [SUNY] Health Science Ctr. at Brooklyn, 40 AD3d 719; Matter of O'Shea v State of New York, 36 AD3d 706; Schwartzberg v State of New York, 121 Misc 2d 1095 [Ct Cl], affd 98 AD2d 902; Sheinbaum v State of New York, 101 Misc 2d 250 [Ct Cl]).
Lack of prejudice to the State is immaterial and a court is without power to dispense with applicable jurisdictional requirements of law based upon its own concepts of justice (see Byrne v State of New York, 104 AD2d 782). A jurisdictionally defective notice of intention to file a claim may not be cured by amendment (see Nasir v State of New York, 41 AD3d 677). Accordingly, we agree with the determination of the Court of Claims granting that branch of the State's motion which was for summary judgment dismissing the wrongful death claim for lack of jurisdiction and denying the claimant's cross motion to amend the notice of intention to file a claim and the claim.
We also agree with the determination of the Court of Claims granting that branch of the State's motion which was for summary judgment dismissing the personal injury claim as untimely (see Court of Claims Act § 10[3]).
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court