(May 17, 2005)

■ MARY C. SOTO, Appellant, v LIME TREE GOURMET DELI et al., Defendants, and JAMES B. GREENE, III et al., Respondents. [795 NYS2d 30]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered March 11, 2004, which granted defendant Ben-Dov's motion and defendant Greene's cross motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motion and cross motion denied and the complaint reinstated.

Plaintiff fell on a crack in a New York City sidewalk, sustaining injury to her left elbow and forearm. The evidence raises questions of fact with respect to whether defendants Ben-Dov and Greene, the abutting property owners, created the sidewalk defect that allegedly caused plaintiff to fall and sustain injury (*see Hausser v Giunta*, 88 NY2d 449, 453 [1996]). Photographs of the area depict a sidewalk crack extending from the cellar door of Greene's property, running parallel to the curb to a cellar door located on Ben-Dov's property, and intersecting at a right angle with a seam in the sidewalk that runs perpendicular to the curb. Defendant Greene concedes that the sidewalk adjoining his premises was reconstructed at his expense, and plaintiff's expert witness testified that it was apparent that the sidewalk adjacent to the cellar door on Ben-Dov's property had been resurfaced. Since the record does not disclose the location of the property line dividing the adjacent properties, the evidence is insufficient to establish that either property owner's abutting sidewalk was free of defects. Repair records have not been produced by either property owner, and thus, whether the repairs created or contributed to the defective condition of the sidewalk cannot be ascertained. Concur—Buckley, P.J., Tom, Saxe, Friedman and Sweeny, JJ.