(August 31, 2006)

■ Suleika Torres, an Infant, by Her Grandmother and Natural Guardian, Estelle Torres, Respondent, v City of New York, Respondent, and Ramesh Raghunandan, Appellant, et al., Defendants. [820 NYS2d 268]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered November 12, 2004, which denied defendant Raghunandan's motion for summary judgment dismissing the complaint and all cross claims against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

On May 8, 2000, the infant plaintiff tripped and fell on a defective, cracked portion of a Bronx sidewalk. The section of sidewalk on which the accident occurred is part of a common driveway that begins at the edge of a street, spans the sidewalk and runs through an alley between two buildings, 1336 and 1338 Morrison Avenue. Defendant Ramesh Raghunandan was

the record owner of and resided at 1338 Morrison Avenue on the date the accident occurred.[1]

The infant plaintiff, through her natural guardian, commenced this action against Raghunandan, among others, to recover damages for personal injuries sustained as a result of the accident. The infant plaintiff claimed that Raghunandan failed to maintain the sidewalk in a reasonably safe condition. Raghunandan moved for summary judgment dismissing the complaint and all cross claims asserted against him. Supreme Court denied the motion, finding that Raghunandan had a duty to maintain the sidewalk and that a triable issue of fact exists concerning whether the defect was caused by Raghunandan's special use of the sidewalk as a driveway. This appeal ensued.

Contrary to Raghunandan's contention, he owed a duty of care to the infant plaintiff to maintain the sidewalk in a reasonably safe condition. "Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner. However, an abutting landowner will be held liable where the landowner created the defective condition or caused the defect to occur because of some special use" (*Dos Santos v Peixoto*, 293 AD2d 566, 566-567 [2002] [internal quotation marks and citations omitted]; *see Cannizzaro v Simco Mgt. Co.*, 26 AD3d 401 [2006]).[2] The duty to maintain the area of a special use runs with the land and is not dependent upon a finding that the defendant actually installed or repaired it (*Karr v City of New York*, 161 AD2d 449 [1990]; *see Katz v City of New York*, 18 AD3d 818 [2005]; *Hughes v City of New York*, 236 NYS2d 446 [Sup Ct, Kings County 1963], *affd* 25 AD2d 617 [1966]). Rather, liability arises by virtue of the defendant's ownership of the premises which derived the special benefit from the use of the abutting sidewalk (*Karr*, 161 AD2d at 450; *see Katz, supra*; *Hughes, supra*).

In the case at bar, the common driveway, which constitutes a special use (*see Adorno v Carty*, 23 AD3d 590 [2005]; *Breger v City of New York*, 297 AD2d 770 [2002]), serviced Raghunandan's property—1338 Morrison Avenue—and therefore he had a

---

1. Emily Solomon and Edna Clarke Myers were the owners of 1336 Morrison Avenue at the time the accident occurred. The complaint and all cross claims were dismissed against these individuals.

2. This accident occurred prior to the effective date of section 7-210 of the Administrative Code of the City of New York (September 14, 2003), which places the obligation to maintain sidewalks upon certain landowners and imposes liability on such landowners for injuries caused by the failure to do so.

duty to maintain the area of the special use in a reasonably safe condition. That Raghunandan had a duty to maintain the sidewalk does not, however, compel the conclusion that his motion must be denied.

Where a defect is in the portion of a sidewalk used as a driveway, defendant, on his motion for summary judgment, bears the burden of establishing that he did nothing to either create the defect or cause it through the special use of the sidewalk as a driveway (*Adorno*, 23 AD3d at 591; *Katz*, 18 AD3d at 819). In support of his motion, Raghunandan submitted his deposition testimony, in which he stated that he never parked any cars in the driveway, and never repaired the area of the sidewalk that served as part of the driveway. Portions of the deposition testimony of Emily Solomon, who resided at 1336 Morrison Avenue at the time of the accident, were also relied upon by Raghunandan. Solomon testified that she had not seen the driveway "used by cars." Specifically, Solomon responded "no" when asked whether she had seen any cars utilize the driveway prior to May 8, 2000, the date of the accident. Thus, Raghunandan's submissions were sufficient to carry his initial burden on the motion.

In opposition, the infant plaintiff, who submitted no evidence in opposition to the motion and relied solely on the affirmation of her counsel, failed to raise a triable issue of fact (*cf. Tate v Freeport Union School Dist.*, 7 AD3d 695 [2004] [plaintiff raised triable issue of fact regarding whether defendant's use of sidewalk as driveway caused defective condition; plaintiff submitted affidavit of expert who opined that condition was caused by weight, speed, and impact of vehicles traveling over sidewalk]). Supreme Court, however, in finding a triable issue of fact, cited to a single page of Solomon's deposition testimony, a page that was not submitted by any of the parties on this motion,[3] in which Solomon stated that Raghunandan "has brought his car down the other side and then he comes around in his yard and he can park right to [*sic*] the bottom of the driveway."

This isolated, ambiguous reference to Raghunandan parking a car at the bottom of the driveway is insufficient to demonstrate the existence of a triable issue of fact regarding whether the use of the sidewalk as part of the driveway caused the defective condition. Solomon's statement does not indicate when she saw Raghunandan use the driveway (i.e., before or after the accident). In the absence of any indication that Raghunandan used the driveway prior to the accident, a finding that a triable

3. Supreme Court noted that this portion of Solomon's deposition testimony was submitted on a prior motion in the action.

issue of fact exists as to whether his use of the driveway caused the defective condition would rest on nothing more than speculation. Moreover, the page of testimony relied upon by Supreme Court does not give any particulars with respect to the nature of the vehicle that Raghunandan parked at the bottom of the driveway or the number of times he parked the vehicle at the bottom of the driveway (*cf. Adorno*, 23 AD3d at 591 ["If the weight of traffic on the driveway could have been a . . . cause of the (sidewalk) defect, the motion for summary judgment should be denied"]; *Rosario v City of New York*, 289 AD2d 133, 134 [2001] ["The Housing Authority's own witness testified that Housing Authority vehicles, and only Housing Authority vehicles, *regularly* drove up onto the sidewalk portion of the driveway to gain access to the property. This testimony . . . raised a triable issue as to whether the described use of the sidewalk by Housing Authority vehicles caused the sidewalk defect alleged to have caused plaintiff's harm" (emphasis added)]).

In sum, there is no evidence that Raghunandan caused or in any way contributed to the defective condition (*see Moschillo v City of New York*, 290 AD2d 260 [2002]; *Benenati v City of New York*, 282 AD2d 418 [2001]; *Nguyen v Brentwood School Dist.*, 239 AD2d 406 [1997]; *see also Kaszovitz v Weiszman*, 110 AD2d 117, 121-122 [1985]). Concur—Buckley, P.J., Andrias, Nardelli, Sweeny and McGuire, JJ.