■ SHIRLEY MARINO, Also Known as WENDY MARINO, Respondent, v PARISH OF TRINITY. CHURCH, Appellant, et al., Defendant. (And a Third-Party Action.) [888 NYS2d 49]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered September 11, 2008, which denied the motion of defendant-appellant Parish of Trinity Church (Trinity) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion

granted. The Clerk is directed to enter judgment in favor of defendant-appellant Trinity dismissing the complaint as against it.

Plaintiff allegedly tripped and fell on a metal protrusion, 1.5 to four inches high and approximately three inches in circumference, located on the sidewalk on Leroy Street abutting the north side of the premises owned by Trinity at 435 Hudson Street. Although Trinity had a loading dock nearby, plaintiff was unclear as to whether the sidewalk protrusion was right in front of the driveway or just near the driveway that led to the loading dock.

Under the law in effect at the time of the accident, which predated Administrative Code of City of NY § 7-210, liability on an abutting landowner will generally be imposed where the owner negligently constructed or repaired the sidewalk, caused the defect to occur by some special use of the sidewalk, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk and provides that a breach of that duty will result in liability (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]).

Where a sidewalk is adjacent to but not part of the area used as a driveway, the plaintiff bears the burden of proof on a motion for summary judgment of showing that the special use of the sidewalk contributed to the defect (*see Adorno v Carty*, 23 AD3d 590 [2005]). Where the defect occurs in a part of the sidewalk which is used as a driveway, the abutting landowner, on a motion for summary judgment, bears the burden of establishing that he or she did "nothing to either create the defect or cause it through the special use of the sidewalk as a driveway" (*Torres v City of New York*, 32 AD3d 347, 349 [2006]).

Here, Trinity is entitled to summary judgment because there is no evidence that a curb cut existed in the sidewalk, that the sidewalk was constructed in a special manner for the benefit of Trinity (*see Guadagno v City of Niagara Falls*, 38 AD3d 1310 [2007]), or that a causal connection exists between the alleged special use of the sidewalk and the alleged defect, i.e. the remains of a removed signpost (*see Moschillo v City of New York*, 290 AD2d 260 [2002]).

Even assuming for the purpose of the motion that the accident occurred in the portion of sidewalk abutting a driveway, Trinity made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that it did not make any changes to the sidewalk in question, that it did not install or direct anyone to install metal protrusions thereon, that it did not cut down any sign that would have left a protrusion behind, that the metal protrusion on which plaintiff allegedly tripped

was not related to any functioning of the building at 435 Hudson Street or the loading dock, and that Trinity did not derive any special use from the metal protrusion (*see Torres* at 349).

In opposition to the motion, plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]) as to whether the metal protrusion was related to Trinity's special use of the driveway, or if its defective condition was exacerbated by Trinity's special use thereof. Plaintiff's speculation that other evidence of repairs might exist did not satisfy her burden, since a motion for summary judgment may not be defeated by a response based on "surmise, conjecture and suspicion" (*Shapiro v Health Ins. Plan of Greater N.Y.*, 7 NY2d 56, 63 [1959] [internal quotation marks and citation omitted]; *Grullon v City of New York*, 297 AD2d 261 [2002]). Concur—Andrias, J.P., Sweeny, Nardelli, Richter and Abdus-Salaam, JJ.