(April 27, 2010)

■ NELIDA ALLER, Appellant, v CITY OF NEW YORK, Defendant, and MICHAEL S. APPELBAUM et al., Respondents. [900 NYS2d 41]—

Order, Supreme Court, New York County (Matthew F. Cooper,

J.), entered November 24, 2008, which granted motions by defendants Appelbaum, Heinrich, Feroma and C&E for summary judgment dismissing the complaint and all cross claims as against them, respectively, unanimously modified, on the law, to deny the motions of defendants Appelbaum and Heinrich, and otherwise affirmed, without costs.

The court erred in finding plaintiff's deposition testimony to have been unduly speculative with respect to the location and cause of her injury since she clearly testified that she fell due to "unlevel" ground in the middle of the sidewalk between two buildings. This was consistent with the photographic evidence showing an uneven sidewalk at the location of the accident (*see Soto v Lime Tree Gourmet Deli*, 18 AD3d 284 [2005]; *Herrera v City of New York*, 262 AD2d 120 [1999]). The inconsistencies in plaintiff's testimony relied on by defendants raise credibility issues that should be resolved by a jury. Although defendant Heinrich maintains that the alleged defect is not on his property, the record does not disclose the location of the property line. The evidence is therefore insufficient to establish that his property was free of defects (*see Soto*, 18 AD3d at 285).

The claims against defendants Feroma Contracting, Inc. and C&E Plaster & Construction Co., however, were properly dismissed. The evidence demonstrated that Feroma performed only interior work at Appelbaum's residence and that C&E satisfactorily completed the sidewalk replacement in front of Appelbaum's residence no later than December 2001, more than two years before plaintiff's accident. Both property owner defendants testified that there were no defects in the sidewalk when C&E's work was completed. Thus, both Feroma and C&E established their prima facie entitlement to summary judgment by showing that they neither created nor had actual or constructive notice of the alleged defect (*Garcia v Good Home Realty, Inc.*, 67 AD3d 424, 424 [2009]). In opposition, plaintiff failed to raise a triable issue of fact. Concur—Gonzalez, P.J., Tom, Friedman, McGuire and Abdus-Salaam, JJ. **[Prior Case History: 2008 NY Slip Op 33162(U).]**