■ SEBRINA TRENT-CLARK, Appellant, v CITY OF NEW YORK et al., Defendants, and J.P. MORGAN CHASE & Co. et al., Respondents. (And a Third-Party Action.) [980 NYS2d 458]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered on or about July 2, 2013, which granted the motion of defendants J.P. Morgan Chase Bank, NA, sued herein as J.P. Morgan Chase & Co. and Manhattan Banking Corporation (collectively Chase) for summary judgment dismissing the complaint as against Chase, unanimously affirmed, without costs.

Chase established entitlement to judgment as a matter of law in this action for injuries sustained by plaintiff after she tripped and fell at the curb "near the exit of the driveway of the Chase on 233rd" on or in a defect in the road. Plaintiff testified that although she could not recall exactly where her feet were when she fell, she was on "kind of like a curb" near "the exit driveway of . . . Chase" and had stepped off the curb onto the street.

The photographic evidence submitted by plaintiff indicates that the purported defect is on the curb, where the driveway exiting Chase's parking lot meets the roadway. It would not be Chase's responsibility to maintain the curb or correct a defect on it unless Chase engaged in some special use of the area (*see Ascencio v New York City Hous. Auth.*, 77 AD3d 592 [1st Dept 2010]).

Moreover, Chase submitted evidence showing that it neither created the subject defect nor had actual or constructive notice of it. Chase's witness testified that he did not recall the premises having any issues around its exterior within the six months prior to the accident, that there were no complaints regarding

the property in the year prior to the accident, and that he did not recall hiring anyone to work on the sidewalk or curb prior to plaintiff's fall (*see Burko v Friedland*, 62 AD3d 462 [1st Dept 2009]).

Although a driveway running over a sidewalk constitutes a special use, there is no evidence that the defect alleged here was caused by cars driving over the curb for Chase's sole commercial benefit (*see O'Brien v Prestige Bay Plaza Dev. Corp.*, 103 AD3d 428, 429 [1st Dept 2013]; *see also Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 299 [1st Dept 1988], *lv dismissed in part, denied in part* 73 NY2d 783 [1988]). Plaintiff's argument that the weight of the traffic from the driveway may have been a cause of the accident, is unavailing. The argument is speculative and based solely upon her attorney's affirmation. Plaintiff failed to submit any expert affidavit or testimony as to the cause or alleged nature of the defect and Chase's culpability therefor (*see Joseph v Pitkin Carpet, Inc.*, 44 AD3d 462, 464 [1st Dept 2007]). Concur—Gonzalez, P.J., Tom, Saxe, Freedman and Manzanet-Daniels, JJ.