Order, Supreme Court, New York County (Michael D. Stall-man, J.), entered November 26, 2012, which denied third-party defendants’ motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.
Defendant Washington, the driver of the bus that hit the concrete barrier that ultimately struck the infant plaintiff, testified that the barrier was situated in such a manner that it protruded beyond the closed lane of traffic into a travel lane. Such testimony presents a triable issue of fact as to whether third-party defendants Turner Construction Company and Columbia University (collectively Turner) were negligent in the placement or maintenance of the barrier. Although Turner submitted an affidavit from a professional engineer in support of its motion, the expert’s opinion that a “moisture patch” in *577 an annexed photograph indicates where the barrier was located just prior to the accident is conclusory. Even crediting the expert’s opinion, the photograph depicting a darkened patch does not show any demarcation of lanes of traffic from which it can be determined that the “moisture patch” was wholly within the closed lane (see e.g. Alter v City of New York, 72 AD3d 563 [1st Dept 2010]; Soto v Lime Tree Gourmet Deli, 18 AD3d 284 [1st Dept 2005]).
Furthermore, Turner’s argument that the barrier merely furnished the occasion for the accident and is not a proximate cause of the accident regardless of whether it was negligently placed, is unavailing (cf. Sheehan v City of New York, 40 NY2d 496 [1976]; see Zisa v City of New York, 39 AD3d 313 [1st Dept 2007]). Turner cannot escape liability for negligent placement of the barrier simply because the bus failed to avoid it.
We have considered Turner’s remaining contentions and find them unavailing.
Concur — Gonzalez, EJ., Mazzarelli, Renwick, Feinman and Gische, JJ.