■ SIRA KALAJIAN, Plaintiff, v 320 EAST 50TH STREET REALTY Co. et al., Appellants, 320-50 REALTY Co., LLC, Defendant, and THERESA M. WORNER HERBST, Respondent. [62 NYS3d 345]—

Order, Supreme Court, New York County (Geoffrey D.S. Wright, J.), entered December 5, 2016, which, inter alia, granted the motion of defendant Theresa M. Worner Herbst for summary judgment dismissing the cross claims against her by defendants 320 East 50th Street Realty Co. and Daniel Rapaport, unanimously reversed, on the law, without costs, and the motion denied to that extent. Plaintiff's appeal from the order dismissed, without costs, as abandoned.

Plaintiff alleges that she tripped and fell over a misleveled sidewalk slab between properties owned by Herbst and by appellants. Herbst moved for summary judgment dismissing the complaint and cross-claims as against her on the ground that she is exempt from personal liability for failure to maintain the sidewalk because her property is a "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code of City of NY § 7-210 [b]; *see Aracena v City of New York*, 136 AD3d 717, 717-719 [2d Dept 2016]). Administrative Code § 7-210 (b) is to be strictly construed as a statute creating liability in derogation of the common law (*Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 520-521 [2008]).

The statute does not expressly contain a primary residence requirement as part of the owner-occupied exemption (*see Dimitratos v City of New York*, 25 Misc 3d 1224[A], 2009 NY Slip Op 52290[U] [Sup Ct, NY County 2009]), but the term "owner occupied" generally is used to mean that the owner regularly occupies the property as a residence. Further, the legislative history shows that the exemption recognizes "the inappropriateness of exposing small-property owners *in residence*, who have limited resources, to exclusive liability with respect to sidewalk maintenance and repair" (*Coogan v City of New York*, 73 AD3d 613, 614 [1st Dept 2010] [emphasis added]).

Here, Herbst testified that the New York property is not her primary residence, which is in Israel, and that she also has a property in New Hampshire, which is where her driver's license was issued and she receives most of her mail. Her testimony indicated that she spent about three months in the United States in the year the accident occurred, and divided that time between New Hampshire and New York. Accordingly, Herbst did not demonstrate prima facie that she regularly occupies the New York property as a residence, so as to be entitled to

the benefit of the exemption provided by Administrative Code § 7-210 as a matter of law (see *Howard v City of New York*, 95 AD3d 1276, 1277 [2d Dept 2012]; *Acevedo v Rodriguez*, 20 Misc 3d 1122[A], 2008 NY Slip Op 51518[U] [Sup Ct, Richmond County 2008]).

Since plaintiff abandoned her appeal by failing to perfect (22 NYCRR 600.11 [a] [3]), and defendants 320 East 50th Street Realty Co. and Daniel Rapaport have not argued that they are aggrieved by the dismissal of the complaint as against Herbst, we decline to reinstate the complaint as against Herbst (*Rodriguez v Heritage Hills Socy., Ltd.*, 141 AD3d 482 [1st Dept 2016]). Concur—Tom, J.P., Richter, Andrias, Gesmer and Singh, JJ.