■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN LOPEZ, Appellant. [64 NYS3d 533]—Appeals having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Edward McLaughlin, J.), rendered December 22, 2015, and a judgment of the same court (Michael Sonberg, J.), rendered February 16, 2016, said appeals having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgments so appealed from be and the same are hereby affirmed. Concur—Manzanet-Daniels, J.P., Mazzarelli, Kapnick and Webber, JJ.

■ GEORGE PATTON, Respondent, v TASZO COFFEE, LLC, Appellant. [64 NYS3d 532]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered March 20, 2017, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant failed to meet its initial burden to show that it did not own the bench from which plaintiff fell, and that its employees did not place it at the accident location prior to the accident (*see Torres v City of New York*, 32 AD3d 347, 348 [1st Dept 2006]). Any inconsistencies in plaintiff's testimony as to the location of the accident raise credibility issues, which must be resolved by the trier of fact (*see Aller v City of New York*, 72 AD3d 563, 564 [1st Dept 2010]). Concur—Manzanet-Daniels, J.P., Mazzarelli, Kapnick and Webber, JJ.