Hernandez v Ortiz (2018 NY Slip Op 07075)





Hernandez v Ortiz


2018 NY Slip Op 07075


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Sweeny, J.P., Gische, Tom, Mazzarelli, Kern, JJ.


7449 310042/11

[*1]Ericka Hernandez, Plaintiff-Respondent,
v
Catalina Ortiz, Defendant-Appellant, The City of New York, et al., Defendants.


Law Offices of John Trop, Yonkers (David Holmes of counsel), for appellant.
Ferro, Kuba, Mangano, Sklyar, P.C., New York (Kenneth Mangano of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about July 5, 2017, which denied defendant Catalina Ortiz's motion for summary judgment dismissing the complaint as against her, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint against Ortiz.
In this trip and fall case involving an uneven sidewalk, defendant Ortiz's testimony that she lived in a one-family home adjacent to the sidewalk was sufficient competent evidence to make a prima facie showing that she qualified for the exemption provided at Administrative Code of City of NY § 7-210(b) (see Coogan v City of New York, 73 AD3d 613 [1st Dept 2010]; Miller v City of New York, 253 AD2d 394, 395 [1st Dept 1998] ["that an affidavit is submitted by a party or other interested person does not detract from its sufficiency as competent evidence"]).
In opposition, plaintiff offers no evidence to the contrary, and no authority for her proposition that a party seeking to demonstrate that their home is a one-, two- or three-family home exempt from § 7-210 must produce a deed.
Nor is defendant Ortiz liable based on a theory that her fence, containing a gate, constituted a special-use. "The principle of special use, a narrow exception to the general rule, imposes an obligation on the abutting landowner, where he puts part of a public way to a special use for his own benefit and the part used is subject to his control, to maintain the part so used in a reasonably safe condition to avoid injury to others. . . . Special use cases usually involve the installation of some object in the sidewalk or street or some variance in the construction thereof" (Balsam v Delma Eng'g Corp., 139 AD2d 292, 298 [1st Dept 1988], lv dismissed, lv denied 73 NY2d 783 [1988]). There is no evidence in the record that defendant's fence is built on or in the sidewalk. That the gate, which defendant testified is "almost never" used, would permit herself and others to enter her property does not constitute a special use, as those using it would merely walk across the sidewalk, a use not "unrelated to the public use" (Poirier v City of Schenectady, 85 NY2d 310, 315 [1995]). Moreover, as the defect in the sidewalk is adjacent to defendant's gate, not in front of it, it was plaintiff's burden to demonstrate that this alleged "special use" caused or contributed to the defect (see Marino v Parish of Trinity Church, 67 AD3d 500, 501 [1st Dept 2009]). Plaintiff offered no such evidence.
We have examined the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK