Fatty v City of New York (2024 NY Slip Op 05485)

Fatty v City of New York

2024 NY Slip Op 05485

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Moulton, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Index No. 150898/18 Appeal No. 2974 Case No. 2023-05559 

[*1]Modou Fatty, Plaintiff-Appellant,
v
City of New York, Defendant, MEPT 757 Third Avenue LLC, et al., Defendants-Respondents.
MEPT 757 Third Avenue LLC, et al., Third-Party Plaintiffs,
v
CVS Albany, LLC, Third-Party Defendant-Respondent.

Edelman, Krasin & Jayle, PLLC, Westbury (Monica P. Becker of counsel), for appellant.
Law Offices of Fishman and Cabrera, Tarrytown (Silvia C. Souto of counsel), for MEPT 757 Third Avenue LLC and MEPT Edgemoor Operating LP, respondents.
Cullen & Dykman, LLP, Uniondale (Nicholas M. Cardascia of counsel), for CVS Albany, LLC, respondent.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered April 24, 2023, which granted the motion of defendants MEPT 757 Third Avenue LLC and MEPT Edgemoor Operating LP (collectively, MEPT) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
MEPT established prima facie entitlement to summary judgment through plaintiff's testimony and through photographic evidence, both of which demonstrated that the hole that caused plaintiff's fall was located not on the sidewalk abutting MEPT's building, but rather on the public street abutting the building's sidewalk/loading deck (see Trent-Clark v City of New York, 114 AD3d 558, 558 [1st Dept 2014]; James v 1620 Westchester Ave., LLC, 105 AD3d 1, 5 [1st Dept 2013]). Plaintiff repeatedly testified that the hole was "on the side of the curb," "on the edge of the roadway," or "at the edge of the sidewalk and the street," and MEPT had no duty to maintain that area (Administrative Code of the City of New York § 7-210; see Ascensio v New York City Hous. Auth., 77 AD3d 592, 593 [1st Dept 2010]). In addition, by submitting the testimony of its managing agent, MEPT established that it did not cause or create the defective condition, nor did it have notice of the condition (see Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137 [2017]).
Plaintiff also failed to sustain his burden of showing that a special use of the street abutting the building contributed to the alleged defect. The record contains no nonspeculative evidence showing that MEPT's alleged special use — namely, a curb cut to facilitate deliveries to its loading dock — caused or created the allegedly defective condition (see Trent-Clark, 114 AD3d 558; Marino v Parish of Trinity Church, 67 AD3d 500, 501 [1st Dept 2009]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024