Prete v JJ Hoyt LLC (2026 NY Slip Op 00325)

Prete v JJ Hoyt LLC

2026 NY Slip Op 00325

Decided on January 22, 2026

Appellate Division, First Department

Manzanet-Daniels, J.P. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels
Barbara R. Kapnick Martin Shulman LlinÉt M. Rosado Shlomo S. Hagler

Index No. 161724/19|Appeal No. 5216|Case No. 2024-04546|

[*1]Allison Prete et al., Plaintiffs-Appellants,
vJJ Hoyt LLC, Defendant-Respondent.

Plaintiffs appeal from an order of the Supreme Court, New York County (Richard G. Latin, J.), entered on or about July 16, 2024, which granted defendant JJ Hoyt LLC's motion for summary judgment dismissing the complaint.

Sullivan Papain Block McManus Coffinas & Cannavo, P.C., New York (Brian J. Shoot and Vito A. Cannavo of counsel), for appellants.
Cuomo LLC, Mineola (Matthew A. Cuomo of counsel), for respondent.

Manzanet-Daniels, J.P. 

Defendant JJ Hoyt LLC is the owner of a four-story residential building located at 126 Hoyt Street, Brooklyn, New York (the premises). Nonparties Justin Beal and Jane Hait are married and are members of JJ Hoyt, which was formed to legally own the premises. Since 2015, Beal, Hait and their children have resided at the premises, occupying three floors while renting out the ground-floor garden apartment. The premises include an adjacent, unattached three-car garage. Plaintiff Allison Prete was injured when she tripped and fell on the sidewalk used by Beal, Hait, the garden apartment tenant and a neighbor as a driveway to access the premises' garage, which JJ Hoyt used and rented out to two others.
Because there remain factual issues with respect to defendant's obligations to plaintiffs under the common law, the order must be reversed.
As an initial matter, we agree with Supreme Court's conclusion that defendant is exempt from statutory liability as an owner-occupied residential property. The relevant statute, Administrative Code of the City of New York § 7-210 (the Sidewalk Law), was enacted in 2003 to shift tort liability for injuries resulting from a defective sidewalk from the City to abutting property owners (Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 520 [2008]). However, the Sidewalk Law does not apply to sidewalks abutting "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code of the City of NY § 7-210(b)).
To satisfy this exemption, an owner must show that it "regularly occupie[d]" the building (Kalajian v 320 E. 50th St. Realty Co., 154 AD3d 528, 529 [1st Dept 2017]). Here, the evidence established that the premises are purely residential and that JJ Hoyt's principals regularly reside at the premises without paying rent (id.). The fact that JJ Hoyt is the legal owner of the premises does not preclude it from being covered by the exemption (see e.g. Gallis v 23-21 33 Rd., LLC, 198 AD3d 730, 733 [2d Dept 2021]).
However, despite the absence of statutory liability, Supreme Court failed to consider plaintiffs' common-law claims. Under the common law, an owner is ordinarily not liable for the repair and maintenance of a municipally-owned sidewalk abutting his property absent three exceptions: (1) "where the sidewalk was constructed in a special manner for the benefit of the abutting owner" (i.e., for his own "special use"); (2) where the abutting owner "affirmatively caused the defect"; and (3) where "a local ordinance or statute" imposes such a duty (see e.g. Hausser v Giunta, 88 NY2d 449, 452-453 [1996]; Torres v City of New York, 32 AD3d 347, 348 [1st Dept 2006]). Of particular importance to this case is whether defendant is liable under the first exception pertaining to an owner's "special use."
The parties agree that the defendant/owner made "special use" of the sidewalk by using it as a driveway (see e.g. Marino v Parish of Trinity Church, 67 AD3d 500, 501 [1st Dept 2009]; Torres, 32 AD3d at 348). Where the parties disagree is with respect to the scope of duty under the "special use" exception to liability, and whether it contains a causation requirement that is tied to the owner's special use. We find that it does.
The Court of Appeals has set forth that when a landowner uses some portion of an abutting property for its own "special use," it is required to maintain "the used property in a reasonably safe condition to avoid injury to others" (Kaufman v Silver, 90 NY2d 204, 207 [1997]). The underlying rationale is that where an abutting landowner derives a special benefit from that public property, the person or entity obtaining the benefit is required to maintain it (id.; see also Robles v Time Warner Cable Inc., 167 AD3d 411, 411 [1st Dept 2018]).
In interpreting this precedent, this Court has found that the "special use" exception applies only if the subject area was constructed for the owner's "special use" and the special use caused or gave rise to the relevant defect (see e.g. Fatty v City of New York, 232 AD3d 415, 416 [1st Dept 2024]; see also Trent-Clark v City of New York, 114 AD3d 558, 559 [1st Dept 2014] [finding, with respect to the "special use" of a driveway, that there was "no evidence that the defect alleged here was caused by cars driving over the curb for [the owner's] sole commercial benefit"] [emphasis added]; O'Brien v Prestige Bay Plaza Dev. Corp., 103 AD3d 428, 429 [1st Dept 2013]). Thus, an owner will only be liable for a defect on the abutting sidewalk if it is tied to his special use of the property, and not if it arises from a wholly unrelated cause (Trent-Clark, 114 AD3d at 559).
In arguing for a broader scope of duty, plaintiffs rely principally on centuries-old cases from the Court of Appeals where causation was not an issue — for example, where the plaintiff tripped and fell on a foreign object that was installed solely for the defendant's benefit, such as a sidewalk grate or coal hole (see e.g. Clifford v Dam, 81 NY 52 [1880]; Trustees of Vil. of Canandaigua v Foster, 156 NY 354 [1898]). In these cases, causation was congruent with the special use, and thus the Court did not discuss it.[FN1] This is different from a sidewalk abutting an owner's driveway, which could be defective for reasons wholly unrelated to the owner's special use — for example, from protruding tree roots, differential settlement, or water damage. Thus, under the correct standard, an owner will not be liable for the defects that it did not cause or that are otherwise unrelated to its special use (Trent-Clark, 114 AD3d at 559).
Plaintiffs' construction and policy arguments do not change this result. First, plaintiffs argue that defendant's interpretation of the "special use" exception effectively renders it meaningless. As noted above, there are three distinct bases for abutting owner liability at common law: (1) when the owner derives a "special use" from the subject area, (2) when the owner causes the defect, and (3) when a statute otherwise imposes liability. Plaintiffs contend that if there is a causation element tethered to the special use exception, it would render the exception redundant because a defendant owner will always be liable when he causes the defect (under exception #2), regardless of whether the defect happened to occur within the area of the defendant's special use (under exception #1). We are not persuaded.
This Court has repeatedly found the "special use" and the "cause and create" exceptions to be distinct, finding, for example, that "an abutting landowner will be held liable where the landowner created the defective condition or caused the defect to occur because of some special use" (Torres, 32 AD3d at 348 [emphasis added][internal quotation marks and citations omitted]; Moschillo v City of New York, 290 AD2d 260, 260 [1st Dept 2002]). In fact, plaintiffs acknowledge that there are some instances when the "special use" exception will be broader than the "cause and create" exception. For example, the duty to repair under the special use exception runs with the land, and liability for a defect arising from such use is not dependent upon a finding that the defect arose while the defendant owned the property (see Katz v City of New York, 18 AD3d 818, 819 [1st Dept 2005]). It is thus conceivable that a property owner may be liable for a defect to the sidewalk abutting its property under the "special use" doctrine even where it did not cause the defect.
We are also not persuaded by plaintiff's argument that it is fair and reasonable to expect an abutting owner who derives a special benefit from a public sidewalk to shoulder the full responsibility for maintaining that part of the sidewalk (see Kaufman, 90 NY2d at 207). It would be more unfair to saddle a property owner with the general responsibility of maintaining the sidewalk abutting its driveway when its special use did not give rise to the defect. We simply do not agree with plaintiffs that the Court of Appeals intended to impose such a broad duty on homeowners when it first articulated the parameters of the special use doctrine more than a century ago (see e.g. Clifford v Dam, 81 NY 52 [1880]; Foster, 156 NY at 359).
However, while we accept JJ Hoyt's more limited interpretation of the scope of duty under the "special use" doctrine, we still find that it was not entitled to summary judgment, as it did not meet its burden of "establishing that [it] did nothing to either create the defect or cause it through the special use of the sidewalk as a driveway" (Torres, 32 AD3d at 348; see Katz, 18 AD3d at 819).
Defendant's summary judgment motion relied on a conclusory affidavit from its retained expert. While defendants concede that the relevant area was used as a driveway, the expert opined that the defect had "nothing to do" with this special use. Acknowledging that "overloading caused by car traffic" could cause damage to concrete, the expert concluded that "if cars driving over the sidewalk had damaged the sidewalk, we would have expected to see cracking in a generally north south orientation" — an opinion that he did not support with empirical data or other evidence. He also noted that there was "no evidence that the subject fiberboard expansion joint suffered any mechanical damage because of vehicular traffic over the sidewalk," but did not affirmatively establish that vehicular traffic was not the cause of the defect. Again citing nothing, defendant's expert attributed the defect to "differential settlement," "water infiltration" and "normal exposure to the weather" over time. We find this to be insufficient.
Even if defendant had met its prima facie burden, which it did not, the plaintiff's expert affidavit arguably created an issue of fact. Plaintiff's expert, an engineer, noted that the location of the defect in the driveway was at the precise point where the driveway was weakest, and thus most at risk to being undermined by passage of vehicular traffic. It is more properly the jury's function, and not the court's, to weigh this conflicting expert testimony (see e.g. Ford v Campus Realty LLC, 226 AD3d 405, 406 [1st Dept 2024]). Under the circumstances, summary judgment was inappropriate (Davidson v Shubert Org., Inc., 221 AD3d 450, 451 [1st Dept 2023]).
Accordingly, the order of the Supreme Court, New York County (Richard G. Latin, J.), entered on or about July 16, 2024, which granted defendant JJ Hoyt LLC's motion for summary judgment dismissing the complaint, should be reversed, on the law, without costs, the complaint reinstated, and the motion denied.
Order of the Supreme Court, New York County (Richard G. Latin, J.), entered on or about July 16, 2024, reversed, on the law, without costs, the complaint reinstated, and the motion denied.
Opinion by Manzanet-Daniels, J.P. All concur.
Manzanet-Daniels, J.P., Kapnick, Shulman, Rosado, Hagler, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026

Footnotes

Footnote 1: For example, a defect tied to a grate installed solely for an owner's benefit will always arise from the owner's special use of that grate, because otherwise the grate would not be present on the sidewalk.