People v Tompson (2026 NY Slip Op 00325)

People v Tompson

2026 NY Slip Op 00325

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Moulton, J.P., Mendez, Rodriguez, Rosado, Hagler, JJ. 

SCI No. 74206/23|Appeal No. 5674|Case No. 2023-04783|

[*1]The People of the State of New York, Respondent,
vAnthony Tompson, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Leanna J. Duncan of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Margaret M. Crookston of counsel), for respondent.

Judgment, Supreme Court, New York County (Laurie Peterson, J.), rendered August 30, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of three years of probation, unanimously modified, on the law, to the extent of striking the conditions of probation requiring him to "[s]upport dependents and meet other family responsibilities," and to "[r]efrain from wearing or displaying gang paraphernalia" or "having any association with a gang or members of a gang if directed by the Department of Probation," and otherwise affirmed.
Defendant's non-constitutional challenges to his probation conditions do not require preservation because the "issue implicates the legality of the sentence imposed" (People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). At the time of his arrest, defendant possessed 100 glassines of heroin and 50 vials of crack cocaine. Accordingly, the sentencing court providently deemed it "reasonably necessary" to order defendant to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" "to insure that the defendant will lead a law-abiding life or to assist him to do so" (People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025] [citation omitted], lv denied 44 NY3d 1012 [2025]). Based on defendant's selling of heroin, the court also properly ordered him to "[w]ork faithfully at a suitable employment or pursue a course of study or vocational training approved by the Department of Probation that can lead to suitable employment" and to "[s]ubmit proof of such employment, study or training as directed by the Department of Probation" (see Penal Law § 65.10[1], [2][c]). For the same reason, the court providently required defendant to submit to testing for alcohol and illegal substances and to participate in substance abuse programming as directed by the Department of Probation (see Penal Law § 65.10[2][e]).
There is, however, no evidence to support requiring defendant, who has no children, to "[s]upport dependents and meet other family responsibilities" (see Penal Law § 65.10[2][f]; see also People v Holguin, 243 AD3d 419, 420 [1st Dept 2025] [no evidence to support probation condition]). Additionally, the People concede that there is no evidence to support requiring defendant to "[r]efrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation" (see Holguin, 243 AD3d at 420).
We decline to strike probation condition 10 because defendant has paid the mandatory surcharge and fees, rendering the issue moot.
Defendant's undisputedly valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 560 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]) forecloses review of his constitutional due process challenge to the conditions of probation form and his vagueness and First Amendment challenges to probation conditions 7 and 25 insofar as they are as-applied challenges (see People v Lombard, 241 AD3d 1126, 1126 [1st Dept 2025]). To the extent that defendant's claims are facial constitutional challenges, they survive his appeal waiver (see People v Johnson, — NY3d &mdash, 2025 NY Slip Op 06528, *2 [2025]). However, all of defendant's constitutional challenges are unpreserved (see People v Cabrera, 41 NY3d 35, 42 [2023]), and we decline to review them in the interest of justice.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026