Colon v City of New York (2026 NY Slip Op 01154)

Colon v City of New York

2026 NY Slip Op 01154

Decided on March 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 03, 2026

Before: Webber, J.P., Shulman, Higgitt, Rosado, Hagler, JJ. 

Index No. 34531/20|Appeal No. 5982|Case No. 2025-04794|

[*1]Nereida Colon, Plaintiff-Appellant,
vThe City of New York, et al., Defendants, Rita Marsicano, Defendant-Respondent.

Law Office of Melissa R. Perez, P.L.L.C., White Plains (Melissa R. Perez of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Kevin Murtagh of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered April 22, 2025, which granted defendant Rita Marsicano's motion for summary judgment dismissing the complaint as against her, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.
In this slip and fall action, defendant-respondent (defendant) established that she owned a "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" and was thus exempt from statutory liability pursuant to Administrative Code of the City of New York § 7-210(b).
However, defendant was also required to establish freedom from common-law liability by demonstrating that she did not create or exacerbate the alleged icy condition (see Gilmartin v City of New York, 81 AD3d 411, 412 [1st Dept 2011]). Supreme Court should not have granted defendant's motion for summary judgment because defendant failed to establish prima facie that the condition was not created or exacerbated by her special use of the sidewalk as a driveway (see Prete v JJ Hoyt LLC, — AD3d &mdash, 2026 NY Slip Op 00458 [1st Dept 2026]). Defendant's testimony that she did not recall if anyone used her driveway during the year of the accident fails to refute plaintiff's argument that the existence of the driveway created or exacerbated the condition (cf. Trent-Clark v City of New York, 114 AD3d 558, 559 [1st Dept 2014]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2026