Mantinaos v City of New York
2026 NY Slip Op 03957
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Dianna Mantinaos, appellant,
v
City of New York, defendant, Xing D. Yao, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-10596, (Index No. 706349/23)
Colleen D. Duffy, J.P.
William G. Ford
Laurence L. Love
Donna-Marie E. Golia, JJ.

Dell & Dean, PLLC (Horn Appellate Group, Brooklyn, NY [Scott T. Horn, Andrew J. Fisher, and Ross Friscia], of counsel), for appellant.
Clausen Miller, P.C., New York, NY (Richard J. Brownell and David A. Peskanov of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered September 26, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendants Xing D. Yao and Ming H. Lin which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Xing D. Yao and Ming H. Lin which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff commenced this action against the defendants Xing D. Yao and Ming H. Lin (hereinafter together defendants) and the City of New York to recover damages for personal injuries she alleged she sustained when she tripped and fell on an uneven sidewalk condition abutting certain property located in Queens, which was owned by the defendants. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed. In an order entered September 26, 2024, the Supreme Court, among other things, granted that branch of the defendants' motion.
"'Section 7-210 of the Administrative Code of the City of New York unambiguously imposes a nondelegable duty on certain real property owners to maintain city sidewalks abutting their land in a reasonably safe condition'" (Spinelli v Huang, 225 AD3d 917, 918, quoting Vasquez v Giandon Realty, LLC, 189 AD3d 1120, 1120). "However, this liability-shifting provision does not apply to 'one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes'" (Castro v Rodriguez, 176 AD3d 1031, 1032, quoting Administrative Code § 7-210[b]; see Spinelli v Huang, 225 AD3d at 918). "The statute does not expressly contain a primary residence requirement as part of the owner-occupied exemption, but the term 'owner occupied' generally is used to mean that the owner regularly occupies the property as a residence" (Kalajian v 320 E. 50th St. Realty Co., 154 AD3d 528, 529 [citation omitted]). Although "owner occupied" is not defined in the statute, it is clearly a lower standard than that of a primary residence. Furthermore, "[t]he purpose of the exception in the Code [*2]is to recognize the inappropriateness of exposing small-property owners in residence, who have limited resources, to exclusive liability with respect to sidewalk maintenance and repair" (Coogan v City of New York, 73 AD3d 613, 614; see Brachfield v Sternlicht, 202 AD3d 742, 743).
The Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The defendants failed to establish, prima facie, that they were entitled to the exemption from liability under Administrative Code § 7-210(b). Although the defendants submitted proof that they are the owners of the subject property, which is a one-family home, they failed to eliminate triable issues of fact as to whether the property was "owner occupied" within the meaning of the statute (see Spinelli v Huang, 225 AD3d at 918-919; Kalajian v 320 E. 50th St. Realty Co., 154 AD3d at 529-530; Howard v City of New York, 95 AD3d 1276, 1277). Since the defendants failed to meet their initial burden as the movants, the burden never shifted to the plaintiff to raise triable issues of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, the plaintiff's remaining contention is academic.
DUFFY, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court